IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ZACHARY B. TAYLOR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 3:03cv391-F |
| | ) |
| JOHN SWAUGER, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

P*ro se* plaintiff Zachery B. Taylor initiated this action pursuant to 42 U.S.C. § 1983. On March 8, 2004, the court granted in part and denied in part the defendant's motion to dismiss. (Doc. # 13). After a scheduling conference at which Taylor appeared by telephone conference call,[1] the court set this matter for a final evidentiary hearing on the merits. (Doc. # 32). On May 6, 2005, Taylor filed a motion for summary judgment asserting that he is entitled to judgment as a matter of law because there are no genuine disputed issues of fact. (Doc. # 34).

Notwithstanding Taylor's motion for summary judgment, on May 24, 2005, at the time set, the court held a final evidentiary hearing on the Taylor's remaining Fourth Amendment unlawful arrest and excessive force claims and state law claim of intentional infliction of emotional distress. Defendant Swauger was represented by counsel at the

---

[1] Taylor is presently incarcerated in the Harris County, Georgia jail awaiting trial on unrelated criminal charges.

hearing, but Plaintiff Taylor did not attend.[2]  Upon consideration of the evidence presented at the hearing, the court concludes that the plaintiff's motion for summary judgment is due to be denied and this case is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## DISCUSSION

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915(a)(1).  However, when a party files an application to proceed *in forma pauperis*, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if the complaint fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Denton v. Hernandez,* 504 U.S. 25, 31-33 (1992).  An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly

---

[2] Taylor did not arrange to be present by telephone or represented by counsel. A prisoner need not be present at his own civil case; lawful incarceration limits an inmate's right to plead and manage his own case personally. *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987).  There is no absolute right for an inmate to be present at the trial of his civil action.  Whether to issue a writ of habeas corpus *ad testificandum* to permit a prisoner to be present is committed to sound discretion of district court, and no such writ was requested in this case.  *See also Dorsey v. Edge*, 819 F.2d 1066, 1066-7 (11th Cir. 1987).

Although Taylor filed a Motion for Leave to File a Power of Attorney in which he asked the court to allow one of two parties who did not appear to be lawyers to represent Taylor on his behalf if he did not attend the hearing (Doc. # 37), neither person named in the motion appeared on Taylor's behalf.  More importantly, however, the court is without authority to allow a non-lawyer to appear on behalf of a party.  Consequently, this motion is due to be DENIED.

[3] These sections allow dismissal of a case at any time, regardless of the payment of any filing fee, if the court determines that the action is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from this relief.

baseless" or the legal theories are "indisputably meritless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

At any stage of the proceedings, a case is frivolous when it appears the plaintiff "has little or no chance of success." *Harris v. Menendez,* 817 F.2d 737, 740 (1987); *see Jones v. Bales,* 58 F.R.D. 453, 463-66 (1972) (dismissing under 28 U.S.C. § 1915(d) [now § 1915(e)] after filing of defensive pleadings and affidavits by all parties), *aff'd adopting district court opinion,* 480 F.2d 805 (5th Cir.1973).[4]

In reviewing the Complaint and the proceedings, the court applied "the liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White,* 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction however cannot serve as a substitute for establishing a cause of action. *See GJR Investments, Inc. v. County of Escambia Florida,* 132 F.3d 1359, 1369 (11th Cir. 1998).

Taylor alleges in his complaint that defendant Swauger, an employee of the Auburn University Department of Public Safety, falsely arrested and imprisoned him without probable cause and used excessive force against him during the arrest. In addition to these Fourth Amendment claims, Taylor also alleges a state law claim of intentional infliction of emotional distress. Specifically, Taylor alleges that Swauger used excessive force when he handcuffed Taylor and placed him in the back of the police car, injuring Taylor's head,

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

wrists, pelvis, and back, and causing Taylor emotional distress.

At the evidentiary hearing, Officer Marcus Walton, a former Auburn University police officer,[5] testified that at the time of Taylor's arrest, he informed Taylor that he was being arrested on an outstanding warrant. Walton also testified that Swauger double-cuffed Taylor pursuant to standard department policy because of Taylor's size. Finally, Swauger introduced a videotape of Taylor's transport from the arrest site to the Lee County Jail. While the videotape does not include Taylor's entry into the car, the tape captures Taylor's entire trip to the jail. Taylor alleged in his Complaint that his head was slammed into the transport car causing throbbing pain, he was jammed into the car injuring his spine and back, and his wrists were injured by the handcuffs. In contrast, the videotape showed Taylor to be calm, apparently uninjured, and capable of carrying on a pleasant conversation. At one point, Taylor noted that the handcuffs were "a bit tight," and that he needed to use the restroom. Officer Swauger told him that he would loosen Taylor's handcuffs and allow Taylor to use the restroom once Taylor and Swauger arrived at the jail, and that the ride would not be long. Taylor did not protest this response or show any physical signs of distress. Instead, Taylor returned to conversational topics or sat silently until the police car arrived at the Lee County Jail. Once at the jail, Taylor exited the car on his own. Taylor did not display any injury, disfigurement, disability or other sign of impairment, pain or distress. Thus, the videotape

---

[5] At the time of the incident which forms the basis of Taylor's complaint, Officer Walton was employed by Auburn University's Department of Public Safety as a police officer. At the time of the evidentiary hearing, Officer Walton was employed by Georgia Institute of Technology as a police officer.

contradicts Taylor's unsubstantiated allegations that he was injured, distressed, and in pain.

Taylor neither attached any admissible evidence to his summary judgment motion nor presented any evidence at this final evidentiary hearing that could rebut the evidence introduced by Swauger. Although *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to any material fact to avert judgment in favor of the defendants.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge as follows that:

1. Taylor's Motion for Summary Judgment (Doc. 34) be DENIED.

2. Taylor's Motion for Leave to File Power of Attorney (Doc. 37) be DENIED as MOOT.

3. That this case be DISMISSED pursuant to section 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii) because the claim is frivolous due to lack of factual support, and also pursuant to Federal Rules of Civil Procedure 41(b) due to Taylor's repeated disregard of this court's orders over a period of two years.

4. The parties are DIRECTED to file any objections to the said Recommendation on or before June 28, 2005. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2005.

        /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE